UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTANA BELMONT,<br><br>    Plaintiff,<br><br>  vs.<br><br>JAMES D. HARTLEY, Warden,<br>MATTHEW CATE, Secretary of the<br>California Department of Corrections and<br>Rehabilitation,<br><br>    Defendant. | CASE NO. 09-CV-2700 JLS (CAB)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court is Plaintiff Santana Belmont's ("Petitioner") petition for writ of habeas corpus. (Pet., ECF No. 1)  Also before the Court is Magistrate Judge Cathy Ann Bencivengo's  report and recommendation ("R&R") recommending the Court deny the petition (R&R, ECF No. 20) and Petitioner's objections[1] (Reply/Objections, ECF No. 22).  For the reasons stated below, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DENIES** the petition.

---

[1] On May 25, 2011, Petitioner filed his "Reply to Respondent's Answer to Petition for Writ of Habeas Corpus." (Reply/Objections, ECF No. 22.) Though captioned as a traverse, the Court will construe the pro se Petitioner's filing as an objection to the R&R given that it was filed within the specified time for objections to the R&R, that it was not considered by the Magistrate Judge in issuing its recommendation to this Court, and in light of the Court's duty to liberally construe a pro se plaintiff's pleadings, *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988), which is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992).

**BACKGROUND**

Magistrate Judge Bencivengo's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant petition. (R&R at 2–7) This Order incorporates by reference the background as set forth in the R&R.

Having exhausted his administrative and state remedies, Petitioner filed the instant petition for writ of habeas corpus asserting two claims under the Sixth Amendment: (1) that he was denied his right to effective assistance of counsel when the trial court failed to adequately investigate the "complete breakdown of communications" between Petitioner and his lawyer, and (2) that the trial court denied Petitioner's right to represent himself. (Pet. at 6, 7)

**LEGAL STANDARD**

**1. Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**2. Cognizable Claim for Relief**

Under federal law, a prisoner seeking relief on claims related to imprisonment may file a petition for habeas corpus pursuant to 28 U.S.C. § 2254. A federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal intervention in state court proceedings is only justified when there are errors of federal law. *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Courts reviewing federal habeas petitions are bound by a state's interpretation of its own laws. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs federal habeas petitions filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997). AEDPA establishes a "highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A federal court can grant habeas relief only when the result of a claim adjudicated on the merits by a state court "was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts governing Supreme Court authority, or (2) "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but reaches a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (internal quotation marks omitted) (citation omitted). An "unreasonable" application of precedent "must have been more than incorrect or erroneous"; it "must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

## ANALYSIS

Petitioner's objections essentially repeat arguments already asserted before the magistrate judge and considered in the R&R. Nevertheless, the Court liberally construes and considers the pro se Petitioner's discernable objections as now presented.

**1. The *Marsden* Denial**

In his petition for writ of habeas corpus, Petitioner challenged his conviction on the basis that the trial court failed to adequately investigate the communication breakdown between Petitioner and his lawyer, denying Petitioner's Sixth Amendment right to effective assistance of counsel. (Pet. at 6) Petitioner argued that because of the alleged inadequate investigation, the trial court erroneously denied Petitioner's *Marsden*[2] motion to substitute his attorney.

---

[2] *People v. Marsden*, 465 P.2d 44, 48 (Cal. 1970) requires the trial court to give "a party an opportunity to present argument or evidence in support of his contention" requesting substitution of counsel in a hearing outside the presence of the jury. This California rule substantially parallels the one prescribed by the Ninth Circuit in *Hudson v. Rushen*, 686 F.2d 826, 829 (9th Cir. 1980). *See*

(Reply/Objections at 2)  Petitioner claimed that he was prejudiced by the trial court's denial because his counsel refused to obtain a handwriting expert in spite of his requests.  (*Id.* at 4)

*A. Summary of the R&R's Conclusions*

Magistrate Judge Bencivengo reviewed the trial court's conclusion "that there was no inadequate representation and no conflict other than one that was being created by Petitioner for purposes of delay."  (R&R at 13)  Specifically, although Petitioner claimed "'a complete breakdown' of communication with his attorney," the R&R concluded that "Petitioner did not provide any specific instances of his attorney's inadequacy."  (*Id.* at 11)  The R&R noted that at worst the disagreements between Petitioner and his attorney concerned defense strategy, which does not rise to the level of a complete breakdown of communication.  (*Id.*)  Further, the R&R identified that the trial court's review of the history of the case showed "Petitioner's extensive efforts to delay the proceedings, his history of misrepresentations and excuses, and his failure to provide any specific instances of attorney inadequacy."  (*Id.* at 13)  The R&R therefore concluded that the trial court reasonably denied Petitioner's substitution of counsel request and recommends that habeas relief as to this claim be denied.  (*Id.* at 13–14, 16)

*B. Objections to the R&R's Conclusions*

Petitioner now reasserts his claim that he was unconstitutionally denied a substitution of counsel at his *Marsden* hearing, arguing that the trial court failed to investigate fully the "complete breakdown of communication" between Petitioner and his attorney.  (Reply/Objections at 1)  Because of this "breakdown," Petitioner reiterates that a handwriting expert was not hired and that this would have changed the outcome of the trial.  (*Id.* at 4)

*C. Analysis*

A state court's denial of a motion to substitute counsel in the face of an alleged "irreconcilable conflict" implicates a petitioner's Sixth Amendment right to counsel, and is thus properly considered in a federal habeas petition.  *Schell v. Witek*, 218 F.3d 1017, 1023-25 (9th Cir. 2000) (emphasizing that a trial court's mere abuse of discretion in denying such a motion does not justify habeas relief unless it rises to a Constitutional violation).  Although the Constitution does

---

*Chavez v. Pulley*, 623 F.Supp. 672, 687 n.8 (E.D. Cal. 1985).

1  not guarantee a "meaningful relationship" between defendant and counsel, a conflict so great that
2  it results in the constructive denial of assistance of counsel or other prejudice to a defendant
3  challenges the Sixth Amendment's guarantee. *Schell*, 218 F.3d at 1027-28. Such a conflict has
4  been referred to as an "irreconcilable conflict." *Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir.
5  2007) (identifying that "[d]isagreements over strategical or tactical decisions do not rise to level of
6  a complete breakdown in communication" and therefore do not violate the Sixth Amendment right
7  to counsel). Further, a petitioner seeking habeas relief pursuant to the trial court's denial of his
8  motion to substitute counsel is entitled to an evidentiary hearing if he has alleged facts that, if
9  proved, would state a Sixth Amendment violation, and the state court trier of fact has not, after a
10 full and fair hearing, reliably found the relevant facts. *Schell*, 218 F.3d at 1027-28. In reviewing
11 the adequacy of the trial court's evidentiary hearing, the Court presumes correct any "questions of
12 historical fact, including inferences properly drawn from such facts." *Park v. Raley*, 506 U.S. 20,
13 35 (1992); *see also* 28 U.S.C. § 2254(e)(1).

14 Petitioner has not provided any further support for his argument that the trial court failed to
15 inquire into the "breakdown" between Petitioner and his attorney during the *Marsden* hearing.
16 (Reply/Objections at 11–12) As the R&R explains, the trial court did hold an evidentiary hearing
17 and considered several relevant factors. (*See* R&R at 6, 12–13) The trial court looked into the
18 history of the case during this *Marsden* hearing, listing numerous instances in which Petitioner had
19 previously requested continuances for a variety of reasons, made excuses for his conduct, and
20 represented that he had retained other counsel when he had not, in fact, done so. (*See* R&R at
21 12–13) The trial court also noted that the timing of the *Marsden* motion on the day set for trial
22 further supported finding an purpose of delay. (*See* R&R at 4) Finally, the trial court inferred that
23 Petitioner would not "participate in the proceedings or with his counsel until he gets an offer to his
24 liking," finding that the stated "communication breakdown" was solely over trial tactics and that
25 the conflict was not "borne of anything other than the fact that he does not like the message" his
26 counsel gave him. (*See* R&R at 13) Presuming correct the trial court's factual findings and
27 inferences reasonably drawn from such facts, the Court finds the conflict between Petitioner and
28 his attorney did not rise to the level of constructive denial of assistance of counsel in violation of

the Sixth Amendment. *See Stenson*, 504 F.3d at 886 (disagreements over trial tactics do not rise to the level of a complete breakdown in communication). The Court finds further that Petitioner's general assertion that the handwriting expert he requested (a request that the trial court was well aware of) would have changed the outcome of his case does not establish actual prejudice. For these reasons, the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

**2. The Self-Representation Claim**

The petition also challenged Petitioner's conviction on the basis of the trial court's refusal to permit Petitioner to represent himself at trial in violation of the Sixth Amendment (Pet. at 7) Petitioner contended that this denial was structural error and therefore reversible regardless of the effect on the outcome. (Pet. at 9)

*A. Summary of the R&R's Conclusions*

Magistrate Judge Bencivengo determined that the trial court reasonably denied Petitioner's motion for self-representation. (R&R at 16) The R&R reviews the trail court's conclusion that Petitioner's request was for purposes of delay, finding it was reasonable. (*Id.*) The R&R states many bases for the trial court's conclusion, including the earlier finding of delay in the *Marsden* hearing, the equivocality of the self-representation request in that it was not made until after the court's denial of Petitioner's *Marsden* motion, Petitioner's earlier claim of not having the "paperwork" needed for trial, and Petitioner's lack of assurances to the trial court that he was prepared to go forward with trial. (*Id.*)

*B. Objections to the R&R's Conclusions*

Petitioner now reasserts that his right to self-representation was unconstitutionally denied at trial. (Reply/Objections at 16) Petitioner again contends that the trial court's denial of self-representation was structural error and therefore requires reversal. (*Id.* at 19)

*C. Analysis*

A defendant has a right to represent himself *pro se*. *Faretta v. California*, 422 U.S. 806, 820 (1975). However, the defendant's waiver of counsel must be "timely, not for the purposes of delay, unequivocal, and knowing and intelligent." *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004). As previously explained, the Court presumes all factual findings of the state trial

1  court are correct. 28 U.S.C. § 2254(e)(1). Petitioner has the burden of rebutting that presumption
2  by clear and convincing evidence. *Id.*
3        Here, as above, the trial court found that Petitioner's request to represent himself was for
4  the purpose of delay. (Pet. at 25–26)  As elaborated in the R&R, the trial court reasonably found
5  that Petitioner's request was purpose of delay because Petitioner's request fell on the day of trial,
6  immediately after the *Marsden* denial, and Petitioner clearly was not prepared to start trial
7  immediately, nor did he make any assurances that he was. (R&R at 16)  A trial court's findings as
8  to whether a defendant's motion to proceed pro se was made for the purpose of delay are based on
9  "the fact-finding tribunal's experience with the mainsprings of human conduct, and on its
10 experience in conducting trials and observing behavior" and should be set aside only if clearly
11 erroneous. *Maxwell v. Sumner*, 673 F.2d 1031, 1036 (9th Cir. 1982) (internal citations omitted);
12 *see also Fritz v. Spaulding*, 682 F.2d 782, 784 (9th Cir. 1982) ("[A] motion to proceed pro se is
13 timely if made before the jury is empaneled, *unless it is shown to be a tactic to secure delay*")
14 (emphasis added).
15       Petitioner argues that Respondent "has not shown how delaying the court would benefit"
16 Petitioner. (Reply/Objections at 16)  However, the burden is on Petitioner to show the trial court
17 erroneously found a purpose of delay. 28 U.S.C. § 2254(e)(1). To this end, Petitioner argues that
18 he would have said "yes" had he been asked by the trial court if he was prepared to go to trial that
19 day. (Reply/Objections at 18)  But Petitioner's unvoiced "Yes" to an unasked question does not
20 belie the reasonableness of the trial court's determination that Petitioner's intent was to delay the
21 proceedings. Further, Petitioner's claim, made for the first time before this Court, that he was
22 ready for trial on the day of his motion to proceed pro se, defies belief in the face of the evidence
23 before the trial court, including Petitioner's claims during his *Marsden* hearing that he did not have
24 the required "paperwork" or the handwriting expert he needed for his defense. Thus, the Court
25 cannot find the trial court was clearly erroneous in denying Petitioner's motion, and finds that
26 Petitioner's right to self-representation was not unconstitutionally denied at trial. For the reasons
27 stated above, the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.
28 //

**3. Certificate of Appealability**

The Court is obliged to determine whether a certificate of appealability should issue in this matter. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petitioner's claims have been denied on the merits, as here, a petitioner can meet the threshold "substantial showing of the denial of a constitutional right," by demonstrating that: (1) the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

Here, the Court finds that no reasonable jurist could disagree with this resolution of Petitioner's constitutional claims and denial of the writ. Evidence in the record supports the trial court's actions and satisfies the Sixth Amendment's guarantees of right to effective counsel and to self-representation. Accordingly, the Court **DENIES** a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R in full. Petitioner's petition for writ of habeas corpus is **DENIED**. A certificate of appealability is **DENIED**. This Order concludes the litigation in this matter. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: April 10, 2012

Honorable Janis L. Sammartino
United States District Judge